## No. 7015.

### J. P. SMITH VS. THE PARISH OF MADISON.

30 461
48 333
49 1758
49 1779

30 461
113 545

The police jury of a parish have no power to issue its warrants, or paper of any kind, negotiable or otherwise, for any purpose, unless specifially authorized to do it by the Legislature, and the means of paying the debt are provided for in the ordinance creating it.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough*, J.

*Seale & Morrison* for plaintiff and appellant.

*Isaac H. Crawford* for defendant and appellee.

The opinion of the court was delivered by

MANNING, C. J. The plaintiff is the holder of ten warrants on the parish treasury of Madison, drawn in this way;

DELTA LA. Sept. 29 1869

Treasurer of Madison Parish La. pay to Walter B. Brockett or order the sum of one hundred dollars with eight per cent. interest from date, payable annually, to be paid out of the first funds coming into the parish treasury.            JOHN P. EDEN, Pres. Police Jury.

Attest; Jos. A. HEBERT, clerk police jury.

They were endorsed.

The allegations of the petition are, that these warrants were drawn on funds provided to be raised by the police jury, by an estimate of

necessary expenditures duly published, for the purpose of erecting needful public buildings, and that an assessment of taxes was made therefor, and the taxes were collected and paid into the parish treasury, and were diverted to other purposes.

There was an exception to the sufficiency of the allegations to shew a cause of action, and also to the legality of the service of citation, but we prefer to settle the question of the validity and binding force of the warrants at once, without dealing with these preliminary matters.

The defendant pleads want of authority in law for the emission of the paper. The plea is good.

On Sept. 10, 1869, the police jury passed an ordinance authorizing its president and clerk to issue scrip to the amount of fifteen thousand dollars in sums of one hundred dollars each, to bear eight per cent. interest, and to be applied to the erection of public buildings, and appointed a committee to dispose of the scrip at a discount not exceeding ten per centum, and directing the scrip to be paid out of any money coming into the treasury before all other claims. On the first of the same month, the jury had directed the assessment of a tax of five hundred per centum upon the amount of all the taxes assessed by the State for 1868, for the purpose of defraying the necessary expenses of the parish, and a further assessment of fifty per centum upon the same sums for bridges and roads.

The police jury is without authority to issue its warrants or scrip, or paper of any kind, negotiable or otherwise, for the purpose of providing a fund for building or for any other purpose, unless specially empowered thereto by an act of the General Assembly, and without providing in the ordinance creating the debt the means of paying it. The plaintiff's counsel state that the ordinance does comply with this last requisite. We are unable to discover how any provision is made for the payment of the debt by the simple declaration that the scrip shall be paid out of any money coming into the treasury.

The police jury appear to have wanted fifteen thousand dollars of money, and it therefore issued negotiable paper for discount, and ordained that the first funds coming into the treasury shall be used to take it up. The powers of police juries are limited. They can not exercise any others than those specially delegated to them, and all persons dealing with them are bound to ascertain the extent of their authority, and there can be no better illustration of the wisdom of that rule of law than the present instance. The taxable property within a parish can not be burthened by the obligation to pay for the redemption of paper or bills, emitted by its police jury, without special authorization in the form and manner designated by law. There was no authority of any kind in this case.

Judgment affirmed.